THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYDIA EDGMON,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN KERRY, in his official capacity as Secretary of State for the United States of America,<br><br>    Defendant. | CASE NO. C16-0596-JCC<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on Defendant Secretary of State Kerry's motion to dismiss for failure to state a claim (Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.   **BACKGROUND**

This case arises out of the United States Department of State's denial of Plaintiff Edgmon's passport renewal application because she voluntarily renounced her citizenship at the U.S. Embassy in Sweden in 1979. (Dkt. No. 1 at 1, 3.) Edgmon filed a complaint against Kerry, alleging that the Department of State took unlawful agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, and denied her the rights and privileges of a United States National under 8 U.S.C. § 1503. (*Id.* at 3–4.) Kerry filed a motion to dismiss under

Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (Dkt. No. 11 at 2–3.) Edgmon did not file a response. Kerry first argues that this Court does not have jurisdiction over Edgmon's request for relief under the APA because the statutory provision is not available when another legally adequate remedy is available to address her claim. (*Id.* at 4.) Kerry next argues that Edgmon fails to state a claim for which relief may be granted because Edgmon's sole, conclusory statement that her renunciation of citizenship was under duress is insufficient to show she did not voluntarily renounce her United States citizenship. (*Id.* at 6–7.) The Court agrees that Edgmon has failed to state a claim for which relief may be granted and therefore declines to address the APA issue.

## II.   DISCUSSION

### A.   Standard of Review

#### 1.   Local Civil Rule 7(b)(2)

The Court notes that Edgmon did not file a response to Kerry's motion to dismiss. Under Local Civil Rule 7(b)(2), "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Accordingly, the Court takes Edgmon's failure to file a response to Kerry's motion to dismiss as an admission that the motion has merit. W.D. Wash. Local Civ. R. 7(b)(2).

#### 2.   Federal Rule of Civil Procedure 12(b)(6)

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). However, a court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

**B.     Analysis**

If a person is denied a right or privilege entitled to a United States national because it is alleged that she is not a national of the United States, she may seek declaratory judgment that she is in fact a national. 8 U.S.C. § 1503. The Department of State, which has the authority to issue passports, may only issue them to United States nationals. 22 U.S.C. §§ 211a, 212; 22 CFR 51.2(a). An individual who has renounced her citizenship is not entitled to a United States passport. 22 U.S.C. § 211a, 212. An individual loses her United States nationality by "making a formal renunciation of nationality before a diplomatic or consular officer of the United States in a foreign state, in such form as may be prescribed by the Secretary of State." 8 U.S.C. § 1481(a)(5). Any such act of renunciation creates a rebuttable presumption of voluntariness. 8 U.S.C. § 1481(b). The burden is on the applicant to show that she is a national by a preponderance of the evidence. 22 CFR 51.40.

Kerry argues that under 8 U.S.C. §1503, Edgmon fails to plead a claim upon which relief may be granted because Edgmon revoked her citizenship in 1979. (Dkt. No. 11 at 5.) In her complaint, Edgmon alleges that her revocation of citizenship was not voluntary because it was done under duress. (Dkt. No. 1 at 3.) The issue is whether Edgmon has pleaded sufficient facts to show her renunciation was not voluntary.

Edgmon admits that she renounced her United States nationality. (Dkt. No. 1 at 3.) She did so formally and in front of a consular officer through the process and forms prescribed by the Secretary of State. (Dkt. Nos. 11-2–11-4.)[1] Edgmon's only argument that her renunciation was

---

[1] Kerry included documents in the possession of the Department of State in his motion to dismiss. (*See* Dkt. Nos. 11-1, "Oath of Renunciation of Nationality of the United States"; 11-2, "Certificate of Loss of Nationality"; 11-3, "Statement of Understanding"; and 11-4, "Memorandum from the Embassy in Stockholm to the Department of State.") Because Edgmon references her renunciation of citizenship in the complaint, (Dkt. No. 1 at 3), and because the basis of the complaint is that Kerry denied her passport renewal because she renounced her citizenship, (*Id.*), these documents are incorporated by reference. The Court may consider these documents without converting Kerry's motion into a motion for summary judgment. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the

involuntary rests on her allegation that she signed the "oath of renunciation under duress." (Dkt. No. 1 at 3.) She alleges no factual basis which would support a finding of duress or a showing of involuntariness. On the contrary, the paperwork she filled out in renouncing her citizenship strongly evidences voluntariness. (*See, e.g.*, Dkt. No. 11-3, "Statement of Understanding.") A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Edgmon has pleaded insufficient facts to claim the she did not renounce her citizenship voluntarily, and thus cannot maintain an action premised on the allegation that her passport renewal was improperly denied. Accordingly, she has failed to state a claim for which relief may be granted.

## III.  CONCLUSION

For the foregoing reasons, Defendant Secretary of State Kerry's motion to dismiss (Dkt. No. 11) is GRANTED. The Court ORDERS that Plaintiff's claims are dismissed without prejudice.

DATED this 14th day of October 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference . . . .").